**PEERLESS INSURANCE CO., Plaintiff**

v.

**MARIO WATLINGTON, Defendant**

Civil No. 1256-1970

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 9, 1971

HOFFMAN, *Judge*

OPINION

The facts in the instant case have been stipulated and the case is before the Court on such stipulation dated June 16, 1971, and the memoranda of law submitted by the parties.[1]

_____

[1] See Appendix for Stipulation of Agreed Facts.

Without reaching the questions raised in the submitted memoranda concerning leave of Court to enable Plaintiff to sue Defendant, or the Statute of Limitations, the Court is of the opinion that Plaintiff, by reason of its conduct, has so prejudiced the opportunity of the defendant to defend, that the Defendant's defense of Laches must prevail.

"Laches has been defined as such neglect or omission to assert a right, taken in conjunction with lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar in equity." Equity, 27 Am. Jur. 2d Section 152. The "neglect or omission to assert a right," in this case is the failure of Plaintiff to implead Defendant as a third-party defendant in the government's District Court action against Plaintiff on the bond. Rule 14 of the Federal Rules of Civil Procedures provides that any party "who is or may be liable" to the defendant may be impleaded. Fed. Rules Civ. Pro. 14(a).

Apart from the question of Defendant's improper performance, defendant, under the law of the surety-principal relationship, would have been liable to Plaintiff for all or part of what Plaintiff paid to the Government. Suretyship, 50 Am. Jur. Sec. 221. "Thus impleader is authorized to bring in a third-party who would necessarily be liable over to the defendant for all or any part of plaintiff's recovery." 1A Fed. Prac. and Pro., Sec. 426.

"Lapse of time" is the second reason for the use of Laches. Plaintiff gained a cause of action against defendant in March of 1969; by that time it had already been almost six years since defendant's actions had occurred. Still plaintiff delayed in bringing this action for more than 21 months. The length of the delay is not the crucial factor; it is the other circumstances coupled with the lapse of time which makes the delay intolerable. Elmore v. Johnson, 143 Ill. 513, 32 N.E. 413. Pudach v. Gillispie, 273 Ky. 101, 115 S.W.2d 574.

Finally, "the other circumstances causing prejudice" which tip the balance in defendant's favor. The case revolves around the issue of defendant's negligence; negligence which occurred eight to nine years ago, if at all. Defendant is no longer in a position of easy access to the records or people involved with these challenged transactions. It would do manifest injustice to and be an unbearable burden upon defendant to now require him to defend these actions so long history.

For the reasons hereinabove stated, the Plaintiff's complaint is dismissed; both sides to bear their own attorney's fees.

## APPENDIX

### STIPULATION OF AGREED FACTS

1. The Peerless Insurance Company and the Government of the Virgin Islands entered into an agreement whereby Peerless acted as Surety on an indemnity bond insuring the Government against any loss caused by any individual employed by the Government in certain positions of employment; included therein was the position of certifying officer for the Department of Education.

2. That said surety bond was in full force and effect from January 1, 1962 to December 31, 1963.

3. That from January 1, 1962 to December 31, 1963 Mario Watlington, the Defendant herein, was employed by the Department of Education as a certifying officer, a position covered by the above-described surety bond.

4. The Government of the Virgin Islands filed suit on or about March 18, 1969 in the District Court of the Virgin Islands against Peerless pursuant to the provisions of the above-described bond and demanded payment for certain monetary losses attributed to the improper performances of Mario Watlington as a certifying officer with the Department of Education.

5. On March 26, 1969 Peerless paid the Government of the Virgin Islands the sum of $2,291.15 in full and complete settlement of the above-described suit by the Government of the Virgin Islands against Peerless for losses attributed to the said Mario Watlington.